**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

ANDEAN SUN PRODUCE, LLC DBA GOLD CUP FRESH,

Plaintiff,

*v.*

U.S. CUSTOMS AND BORDER PROTECTION; the COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION, in his official capacity; and the UNITED STATES OF AMERICA,

Defendants.

No. 26-cv-5014

# COMPLAINT

1. Plaintiff ANDEAN SUN PRODUCE, LLC DBA GOLD CUP FRESH ("Plaintiff" or "ANDEAN SUN"), by and through undersigned counsel, brings this action against U.S. Customs and Border Protection ("CBP"), the Commissioner of CBP, and the United States of America (collectively, "Defendants") to enforce the Supreme Court's determination in *Learning Resources, Inc. v. Trump*, No. 24-1287, 607 U.S. ___ (U.S. Feb. 20, 2026), that the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, does not authorize the imposition of tariffs.

2. Despite the Supreme Court's definitive ruling, Defendants have refused to refund IEEPA duties unlawfully collected from Plaintiff on imports of tuna and other seafood, mushrooms, pineapple, peaches, baby corn, coconut products, olives, roasted peppers, sun-dried tomatoes, gnocchi, sea salt, sparkling mineral water and other products from Thailand, China, Indonesia, Vietnam, Italy, Spain, Morocco, Turkey, and the Netherlands.

3. Plaintiff seeks (i) a declaration that the challenged executive orders imposing IEEPA tariffs are unlawful, *ultra vires*, and void *ab initio* as to Plaintiff; (ii) an order directing Defendants to liquidate or reliquidate all of Plaintiff's affected entries free of IEEPA duties; and (iii) a refund of all IEEPA duties collected from Plaintiff, with interest.

## PARTIES

4. Plaintiff ANDEAN SUN PRODUCE, LLC DBA GOLD CUP FRESH is a Washington corporation with its principal place of business in Seattle, Washington. ANDEAN SUN is an established importer and the importer of record of items on which IEEPA duties were paid.

5. Defendant United States Customs and Border Protection is an agency within the United States Department of Homeland Security headquartered in Washington, D.C., which is responsible for the assessment and collection of customs duties from importers and the final determination of duties, taxes, and fees owed as a result of importation. *See* 19 U.S.C. §§ 1500, 1502.

6. Defendant the Commissioner of U.S. Customs and Border Protection is sued in his official capacity as the individual charged with implementing the relief sought in this action.

7. Defendant the United States of America is the sovereign that received the IEEPA duties challenged in this action and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

## JURISDICTION

9. The Court of International Trade has exclusive subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i), which confers jurisdiction over civil actions commenced

against the United States, its agencies, or its officers, arising out of any law of the United States providing for tariffs, duties, fees, or other taxes on the importation of merchandise. *See V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350, 1365–66 (Ct. Int'l Trade 2025).

10. The Court possesses all the powers in law and equity of, or as conferred by statute upon, a United States district court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court may enter a money judgment for or against the United States and may order any other form of relief appropriate in a civil action, including declaratory judgments, injunctions, orders of remand, and writs of mandamus and prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

11. This action has been commenced within two years of the date the cause of action first accrued and is timely under 28 U.S.C. § 2636(i). The initial IEEPA tariffs came into effect for merchandise imported on or after February 4, 2025, and this action is filed well within the two-year limitations period.

## **STANDING**

12. Plaintiff has standing to bring this action because it is "adversely affected or aggrieved by agency action" within the meaning of 5 U.S.C. § 702 and 28 U.S.C. § 2631(i). IEEPA duties imposed by Defendants adversely affected and aggrieved Plaintiff because, as importer of record, it was required to pay and did pay these unlawful duties. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021) ("If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III."); *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 599 (2007) ("being forced to pay" money to the government "causes a real and immediate economic injury").

13. Declaratory and injunctive relief will redress Plaintiff's injuries because Plaintiff will no longer be required to pay the unlawful tariffs and will be entitled to a refund of all IEEPA duties previously collected.

## BACKGROUND

### I. The IEEPA Tariff Orders

14. On February 1, 2025, President Trump issued three executive orders imposing tariffs on imports from Canada, Mexico, and China, citing IEEPA as authority (collectively, the "Trafficking Tariff Orders"): Executive Order 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025) (Mexico, 25%); Executive Order 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025) (Canada, 25%); and Executive Order 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025) (China, 10%).

15. The China tariff rate was increased from 10% to 20% by Executive Order 14200 (Feb. 5, 2025) and Executive Order 14228 (Mar. 3, 2025).

16. On April 2, 2025, President Trump issued Executive Order 14257, *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025) (the "Reciprocal Tariff Order"). The Reciprocal Tariff Order imposed a 10% baseline tariff on nearly all imports, effective April 5, 2025, and additional country-specific "reciprocal" tariffs ranging from 11% to 50% on 57 countries, effective April 9, 2025, per Annex I. The Dominican Republic from which Plaintiff imports was subject to these reciprocal rates.

17. On April 8, 2025, Executive Order 14259 raised the China reciprocal tariff to 84%. On April 9, 2025, Executive Order 14266 suspended the higher country-specific rates for all countries except China (for which the rate was increased to 125%) for 90 days. The China rate was subsequently reduced to 10% via Executive Order 14298, and further paused via Executive Orders 14316 and 14326.

18. On August 5, 2025, the President issued Executive Order 14323, *Addressing Threats to the United States by the Government of Brazil*, 90 Fed. Reg. [pg.] (Aug. 5, 2025) (the "Brazil Order"), declaring a national emergency under IEEPA and imposing additional duties on products of Brazil. ANDEAN SUN's imports of mangoes and other produce from Brazil are directly subject to the Brazil Order.

19. On August 11, 2025, the President issued Executive Order 14329, *Addressing Threats to the United States by the Government of the Russian Federation*, imposing additional tariffs on products of India and Russia.

20. The Trafficking Tariff Orders, the Reciprocal Tariff Order, the Brazil Order, Executive Order 14329, and all related amendments, directives, and instructions imposing IEEPA tariffs are referred to collectively as the "Challenged Executive Orders." The duties assessed pursuant to these orders are referred to as "IEEPA Duties."

**II. The V.O.S. Selections and Learning Resources Litigation**

21. On May 28, 2025, a three-judge panel of this Court granted summary judgment to the plaintiffs in *V.O.S. Selections, Inc. v. Donald J. Trump*, 772 F. Supp. 3d 1350, 1383–84 (Ct. Int'l Trade 2025), holding that the IEEPA tariffs exceeded the President's statutory authority and

were "invalid as contrary to law." The Court permanently enjoined enforcement of the IEEPA duties at issue.

22. Sitting *en banc*, the Court of Appeals for the Federal Circuit affirmed. *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

23. In a separate action, the U.S. District Court for the District of Columbia reached the same conclusion. *Learning Res., Inc. v. Trump*, 784 F. Supp. 3d 209 (D.D.C. 2025).

24. The Supreme Court granted *certiorari* in both cases, consolidated them, and heard argument on November 5, 2025.

25. On February 20, 2026, the Supreme Court issued its decision affirming that "the terms of IEEPA do not authorize tariffs." *Learning Res., Inc. v. Trump*, No. 24-1287, 607 U.S. ___ (U.S. Feb. 20, 2026).

**III. Executive Order 14389 and Defendants' Refusal to Refund**

26. On February 25, 2026, in response to the Supreme Court's ruling, the President issued Executive Order 14389, *Ending Certain Tariff Actions*, 91 Fed. Reg. 9,437 (Feb. 25, 2026), directing that the Challenged Executive Orders "shall no longer be in effect" and that IEEPA duties "shall no longer be collected."

27. Despite the Supreme Court's ruling that IEEPA does not authorize tariffs, Defendants have refused to refund IEEPA Duties previously collected from Plaintiff and other importers. Treasury Secretary Bessent stated publicly that "[t]he Supreme Court remanded [refunds] down

to a lower court . . . that could be weeks or months." President Trump stated: "I guess it has to get litigated for the next two years."

29. In *Atmus Filtration, Inc. v. United States*, No. 26-01259 (Ct. Int'l Trade), ECF No. 30 (Mar. 5, 2026), this Court ordered CBP to liquidate or reliquidate all entries of merchandise in that case without regard to IEEPA Duties. No final judgment in that case requires universal relief to all importers, including Plaintiff.

30. Plaintiff's entries remain unliquidated or have been liquidated with IEEPA Duties included. Plaintiff has received no refund of any IEEPA Duties despite the Supreme Court's determination that such duties were unauthorized by law.

## <u>DISCUSSION</u>

### The IEEPA Duties Must be Refunded Because IEEPA Does Not Authorize the Imposition of Customs Duties

31. IEEPA grants the President certain powers that "may only be exercised to deal with an unusual and extraordinary threat with respect to which a national emergency has been declared for purposes of this chapter and may not be exercised for any other purpose." 50 U.S.C. § 1701(b).

32. The text of IEEPA does not use the word "tariff" or any term of equivalent meaning. IEEPA has never been amended to authorize, and no prior President has ever used it to impose, tariffs.

34. The United States Constitution provides that "[a]ll legislative powers herein granted shall be vested in a Congress of the United States." U.S. Const. art. I, § 1. The Constitution further provides that "Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises" and "[t]o regulate Commerce with foreign Nations." U.S. Const. art. I, § 8, cls. 1, 3.

35. To the extent Congress may delegate any part of its tariff power, it must do so by providing an intelligible principle to direct and constrain the President's authority. *See Fed. Commc'ns Comm'n v. Consumers' Rsch.*, 145 S. Ct. 2482 (2025). IEEPA contains no such principle with respect to tariffs.

36. Reading IEEPA as authorizing tariffs would also render it unconstitutional under the nondelegation doctrine for lack of any intelligible principle. Courts apply the canon of constitutional avoidance to reject such a reading.

37. The Supreme Court has now definitively resolved this question: "[T]he terms of IEEPA do not authorize tariffs." *Learning Res., Inc. v. Trump*, 607 U.S. ___ (Feb. 20, 2026). The Challenged Executive Orders are therefore unlawful, void *ab initio*, and without effect as applied to Plaintiff.

## COUNT I

### Liquidation or Reliquidation Free of IEEPA Duties and Refund with Interest

38. Plaintiff incorporates paragraphs 1 through 37 above by reference.

39. Defendants' collection and retention of IEEPA Duties from Plaintiff is unlawful because the President exceeded his statutory authority under IEEPA when he imposed tariffs on

imported goods through the Challenged Executive Orders. *Learning Res., Inc. v. Trump*, 607 U.S. ___ (Feb. 20, 2026).

40. Defendants have refused to refund IEEPA Duties collected from Plaintiff and have failed to liquidate or reliquidate Plaintiff's entries free of IEEPA Duties.

41. Plaintiff is entitled to a declaration that the Challenged Executive Orders are unlawful as applied to Plaintiff, an injunction prohibiting further enforcement of those orders as to Plaintiff, an order directing Defendants to liquidate or reliquidate all of Plaintiff's entries without regard to IEEPA Duties, and a refund of all IEEPA Duties collected from Plaintiff, with interest as provided by law.

**COUNT II**

**Declaratory Relief Under 28 U.S.C. § 2201(a)**

42. Plaintiff incorporates paragraphs 1 through 41 above by reference.

43. An actual controversy exists between Plaintiff and Defendants as to: (a) the President's authority under IEEPA to impose tariffs; (b) the constitutionality of IEEPA if construed to authorize tariffs; and (c) CBP's authority to implement, collect, and retain IEEPA Duties assessed pursuant to the Challenged Executive Orders.

44. Plaintiff is an importer of record and has suffered injury by having been required to pay IEEPA Duties as a result of the Challenged Executive Orders on goods it has imported into the United States.

45. This Court has authority under 28 U.S.C. § 2201(a) to "declare the rights and other legal relations of any interested party seeking such declaration." This Court should exercise its power to enter a declaratory judgment that the Challenged Executive Orders are unlawful and that Defendants lack authority to impose, collect, or retain IEEPA Duties as to Plaintiff.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

(a) Declare that the United States lacks authority under IEEPA to impose tariffs by executive action;

(b) Declare that the Challenged Executive Orders are *ultra vires* and *void ab initio* as to Plaintiff;

(c) Declare that, with respect to Plaintiff, CBP lacks authority to liquidate entries or collect duties under the HTSUS that are based on the Challenged Executive Orders;

(d) Permanently enjoin Defendants from imposing and enforcing any tariffs set out in the HTSUS that are based on the Challenged Executive Orders as to Plaintiff;

(e) Order Defendants to liquidate or reliquidate all of Plaintiff's entries free of IEEPA Duties, and to refund all IEEPA Duties collected from Plaintiff, with interest as provided by law;

(f) Award Plaintiff its reasonable costs and attorneys' fees; and

(g) Grant such further relief as this Court deems just and proper.

Dated: November 4, 2026

Respectfully submitted,
**PIERSON FERDINAND LLP**

______________________________

Christopher Pey, Esq.
1235 East Blvd., Suite E, PMB 5141
Charlotte, NC 28203
*Counsel for Plaintiff ANDEAN SUN PRODUCE, LLC DBA GOLD CUP FRESH*